594

**DONOHUE v. NEW YORK LIFE INS. CO.**

Civ. No. 2249.

United States District Court
D. Connecticut.

Sept. 23, 1949.

See also 9 F.R.D. 669.

Thomas J. Birmingham, Hartford, Conn., Clayton L. Klein, Waterbury, Conn., for plaintiff.

Morris Tyler, Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., for defendant.

SMITH, District Judge.

This is an action for reformation of two life insurance policies, for $10,000 and $5,000 respectively. The action is brought on the claim that the agent who solicited the taking out of the policies represented that, after twenty years, there would be paid an income of about $150 a month for life, or cash about equal to the amount paid in. The policies were written as ordinary life policies.

The plaintiff is a physician who was, for many years before the writing of the policies in 1925, an examining physician for a life insurance company. He signed an application, made out by one Somers, an agent of defendant. The plan of insurance was indicated on the application as "O. L.

with Disability Benefits and Double Indemnity Benefit". Plaintiff knew that "O. L." meant an ordinary life policy. Policies were issued effective on the date of the application, July 24, 1925, in the ordinary life form, with disability and double indemnity benefits. Plaintiff did not examine the policies carefully, but took it for granted that benefits would, at the end of twenty years, be available in the approximate amounts stated by the agent. After paying premiums or allowing dividends earned on the policies under their terms to be credited as premiums for a total of twenty years, plaintiff inquired of a traveling representative of defendant as to the benefits available. He was informed that they were substantially less than plaintiff expected. Plaintiff then wrote to the company, claiming the options described by the soliciting agent, was refused, and accepted payment of the cash surrender value guaranteed by the terms of the policies plus dividends earned and not used for prior premiums, a total of $9,670.30, on or about August 1, 1945.

On or about June 23, 1947 plaintiff consulted counsel and, on or about October 20, 1947, commenced in the Superior Court the present action for reformation of the policies, offering to return the $9,670.30. The action was removed to this court on the grounds of diversity of citizenship. On trial defendant moved to dismiss under Rule 41(b).

Somers continued to be an agent of the defendant until 1931, when his connection with the company was terminated. He died several years before the trial.

■ The agent Somers undoubtedly made representations to the plaintiff which led the plaintiff to believe that the benefits of the policies would be as the plaintiff testified. Whether they were based on a misunderstanding of the terms of the policies, or were based on an overoptimistic forecast by the agent of probable future dividends, there is no proof that either party intended a different form of contract to be written. Even a superficial examination of the application or of the policies must have shown to one of the education and experience of the plaintiff that an ordinary life contract was provided. There does not appear to be here any sufficient showing of mutual mistake to justify reformation. Cf. Travelers' Ins. Co. of Hartford v. Henderson, 8 Cir., 1895, 69 F. 762.

■ Moreover, the contract between the company and agent shows no actual authority to make an oral contract differing in terms from the written contract. Limitations to the agent's power were expressed in both application and policies. There appears in the case no reason to apply any of the exceptions to the old rule requiring the signer of the application to read it and binding him by the expressed limitations in the agent's power. See New York Life Insurance Co. v. Fletcher, 1886, 117 U.S. 519, 6 S.Ct. 837, 29 L.Ed. 934; Ellen Ryan v. World Mutual Life Insurance Co., 1874, 41 Conn. 168, 19 Am.Rep. 490

■ In any case, the long delay of plaintiff in reading the policies carefully enough to discover the benefits due him under them has prejudiced the defendant in two respects, death of the most important witness (the agent who took the application and on whose oral representations more than twenty-four years ago this action is based) and the providing of protection under the policies as ordinary life policies for twenty years. There is no showing that the defendant has not given full value in protection for the premiums actually paid. In view of plaintiff's education and experience in life insurance matters, so long a delay in ascertaining the exact terms of the policies must be held to be laches barring recovery. Cf. Joseph F. Kiley v. Frances Doran, 1926, 105 Conn. 218, 228, 134 A. 792. Defendant's motion to dismiss was well founded. The action must be dismissed for laches and lack of equity.

■■ The laches are not founded on the delay in suit from the discovery of the agent's error in 1945 until 1947, for no prejudice to defendant within the period is shown. The burden of showing prejudice where the period of delay is less than the comparable state statute of limitations is upon the defendant, and so far as this two-year period, 1945–1947, is concerned defendant has not carried the burden. The

evidence justifies, however, a finding of laches in the plaintiff's failure to act during the period 1925–1945.

Nor is dismissal here to be construed as approval of the defense of incontestability. The incontestable clause is for the benefit of the insured. Even in jurisdictions which follow Richardson v. Travelers Ins. Co., 9 Cir., 1948, 171 F.2d 699, the clause should not be held to bar action by the insured for reformation.

Judgment may be entered for the defendant dismissing the action.