NORTHEAST MUTUAL INSURANCE ASSOCIATION, RESPONDENT, v. M. E. FORD, ADMINISTRATOR OF THE ESTATE OF FERN SELLS, DECEASED, AND CHILTON ROBINSON, ADMINISTRATOR OF THE ESTATE OF ORESON SELLS, DECEASED, APPELLANT.—229 S. W. 2d 705.

Kansas City Court of Appeals.   Opinion delivered April 3, 1950.

*Earl C. Fishbaugh, Jr.*, and *M. E. Ford* for appellant.

*Charles R. Bell* and *J. W. Buffington* for respondent.

BROADDUS, J.—The basis of this case is a policy of life insurance. On the 9th day of January, 1939, the Northeast Mutual Insurance Association of Mexico, Missouri, issued a policy of insurance on the life of Oreson E. Sells for the sum of $1000, in which policy Fern Sells, wife of Oreson E. Sells, was named beneficiary. The policy contained the following clause:

"The insured is given the privilege of changing the beneficiary herein at any time upon receipt of written notice by the insured to the company directing such change."

No change of beneficiary was made nor was any attempt made to effect a change. Both Oreson E. Sells and Fern Sells died from natural causes on the morning of October 13, 1948, Oreson E. Sells surviving his wife, Fern Sells, by about three hours.

Chilton Robinson was appointed administrator of the estate of Oreson E. Sells and M. E. Ford, the administrator of the estate of

Fern Sells. Each administrator claimed the money due under the policy of insurance as the property of the respective estates and notified the company of their claims. The company filed a bill of interpleader asking permission to pay the fund into court, which was granted and the respective administrators were required to interplead for the fund. Both administrators filed answer, each claiming the fund. After hearing the evidence and duly considering the cause, the court entered a judgment awarding the fund to the interpleader, Chilton Robinson, as administrator of the estate of Oreson E. Sells and, after an unsuccessful motion for a new trial, the defendant, M. E. Ford, administrator of the estate of Fern Sells, deceased, appealed to this court.

The only issue of fact in the case having been agreed to between the contending defendants (interpleaders) to wit: that Fern Sells, the beneficiary, predeceased Oreson E. Sells, the insured, the sole question before us is one of law, to wit, did the right of the beneficiary, Fern Sells, and her estate after her, to the proceeds of the policy lapse by reason of her being deceased at the time the policy, *giving insured the right to change the beneficiary,* became due on the subsequent death of the insured, Oreson E. Sells? The question is answered by the decision of the St. Louis Court of Appeals in the case of Schlereth v. Neely, et al. 285 S.W. 168. In that case Henry Rohmann made application for a policy of insurance naming his wife, Emma, as beneficiary. In the application insured reserved the right to change the beneficiary. Some years later Emma died. The insured then married Barbara and later made her beneficiary under said policy. Barbara Rohmann died in October, 1921, and insured died in March, 1924. After the change of beneficiary to Barbara, the insured never designated another beneficiary. The administrator of the estate of Henry Rohmann, insured, laid claim to the proceeds of the policy as did the children of Barbara by a former marriage. In its ruling in favor of the administrator of insured's estate, the court said:

"The only question in the case is whether the policy is an asset of the estate of Henry Rohmann, deceased, or whether, inasmuch as Barbara Rohmann, the beneficiary, predeceased the insured, the amount of the policy should be payable to defendants as her heirs. * * *

"The evidence discloses that Barbara Rohmann, the mother of defendants, was made the beneficiary under the policy, and that in so naming her the insured reserved the right, from time to time, to change the beneficiary, although such right was never exercised; that she died in October, 1921; that the insured survived her; and died in 1924. * * *

"Whether the policy is an asset of the estate, or whether the amount thereof should be payable to defendants as heirs of the beneficiary, depends upon the determination of whether Barbara

Rohmann had a vested interest in the insurance or merely an expectancy which lapsed upon her death prior to that of the insured, and thereupon reverted to the insured's estate. We think that it is clear that her interest was not vested for two reasons. It has been held that, where, as here, it is stipulated in the policy that the insured may, with the consent of the insurer change the beneficiary, such beneficiary obtains no vested interest in the insurance. Clarkson v. Met. Life Ins. Co., 190 Mo. App. 624, 631, 176 S. W. 437; Robinson v. New York Life Ins. Co., 168 Mo. App. 259, 153 S.W. 534; Missouri State Life Ins. Co. v. California State Bank, 202 Mo. App. 347, 349, 216 S.W. 785; 31 C.J. 971. * * *

"Accordingly, inasmuch as Barbara Rohmann did not have a vested interest in the policy, upon her death prior to that of her husband, such interest as she had lapsed and reverted to her husband's estate, so that defendants as her heirs were not entitled to hold the policy, and had no rights thereunder."

The same court in the recent case of Field v. John Hancock Mut. Life Ins. Co., 142 S.W. (2nd) 816, said:

"Upon the death of Emma Field, who had been designated as beneficiary at the time of issuance of the policies, her potential interest lapsed and reverted to the insured's estate, where it thereafter remained until and unless a subsequent change or designation of beneficiary was effectively accomplished."

Appellant has been diligent in collecting a considerable number of authorities from this and other states in support of his position, twelve to be exact. We have examined all of them. In five of these cases the policy of insurance did not contain a clause entitling the insured to change the beneficiary; in two the beneficiary survived the insured. In two of said cases the issue was confined to matters of taxation. In another, the court held that a vested right in the beneficiary could not be destroyed by an after enacted statute. In another, the issue was the construction of certain wording in the policy. In the last case, the insured, in attempting to change the beneficiary did not comply with the terms of the policy.

We are convinced that the law applicable to the facts of this case is as announced in the decisions from which we have quoted. The judgment is affirmed. All concur.