George W. BOTTS, Jr., Plaintiff,

v.

SHENANDOAH LIFE INSURANCE
COMPANY, Inc., Defendant.

Civ. A. No. 460.

United States District Court
W. D. Virginia, Abingdon Division.

Dec. 3, 1954.

W. T. Bowen, Greear, Bowen, Mullins & Winston, Norton, Va., for plaintiff.

A. M. Harman, Jr., Gilmer, Harman & Sadler, Pulaski, Va., for defendant.

BARKSDALE, District Judge.

I am satisfied that defendant's motion for a judgment on the pleadings must be granted.

Briefly stated, the facts are that, on April 5, 1933, defendant issued to plaintiff its "Modified Life with Optional Term to Age Seventy—Premiums Payable for Life or for Term of Policy, Nonparticipating" policy of insurance in the face amount of $10,000, with an annual premium of $113.30. (There was also a double indemnity contract in the sum of $5,000, with annual premium of $9, which has no pertinency in the present controversy.) Embodied in this contract was a "Privilege to change to other form of policy", which gave the insured the right to convert the policy into any other more expensive type of insurance at his option during the life of the policy. The policy contained other options not material here. After the payment of twenty premiums, plaintiff was solicited by defendant's agent to convert his policy into a paid up "Twenty Payment Life" policy by the payment of $3,540.57. Plaintiff executed an application to effect this end, and defendant issued its paid up "Twenty Payment Life" insurance policy, which, upon the payment by the plaintiff to defendant of the said sum of $3,540.57, was delivered to him. Plaintiff accepted this policy without reading it. Plaintiff alleges that he was induced to make this conversion by the representation of the agent that, after the conversion, he would receive an annual dividend on his policy of three percent of the face value

of his policy amounting to $300 per year. There is no such provision in the policy, which would have been apparent to plaintiff had he taken the trouble to read it. On March 23, 1954, plaintiff received from the defendant a check for the "current cash dividend" of $15.50, which he refused to cash, demanded payment of a dividend of $300, and this being refused by the defendant, instituted this suit seeking to reform his policy by the insertion of a provision requiring defendant to pay him $300 annually as a dividend. Plaintiff alleges the receipt of a letter from the agent stating:

"I am referring your letter to the Home Office at Roanoke, Virginia. Since your policy was one of our old contracts, I was of the opinion that this policy would pay the old rate of dividend or interest. I am asking the company to make a satisfactory settlement with you on this policy."

I think that, from this statement of the agent, the inference that the agent thought plaintiff would receive larger dividends, is justifiable. It certainly does not acknowledge the making of any representation that the plaintiff would receive a dividend of $300 annually. It is to be noted that the complaint does not charge the agent with fraud.

█ █ Assuming, as I think it should be assumed on this motion, that the agent represented to the plaintiff that he would receive a dividend of $300 annually, I am definitely of the opinion that the plaintiff cannot prevail in this action. No notice of any such representation to any responsible officer of the defendant is alleged. The authority of a life insurance agent is very different from that of a fire or casualty insurance agent. As is generally known, the latter may, and universally does, make binding contracts of insurance for his principal; on the contrary, a life insurance agent may only take applications for life insurance and is never authorized to actually make contracts. This distinction is recognized in the Code of Virginia, Section 38.1–280, Definitions, which provides in part as follows:

" 'Agent' or 'insurance agent', when used without qualification, means any individual, partnership or corporation authorized by any insurance company to solicit, negotiate or effect in its behalf contracts of insurance * * *.

" 'Life agent' or 'life insurance agent' means an agent of a licensed insurance company authorized to solicit and procure applications for life insurance and annuity contracts, or for accident and sickness insurance, or for both." (Italics mine).

See also Section 38.1–294, Code of Virginia, which is as follows:

"No agent or company representative of any insurance company shall make any contract of insurance or agreement with respect thereto other than that which is plainly expressed in the policy or contract issued."

Besides this, in plaintiff's original policy, which was in his possession for twenty years, there appears the following:

"Modifications. Only the President, a Vice-President or Secretary, has power on behalf of the Company to make or modify this or any contract of insurance, to waive any forfeiture, or to extend the time for paying any premium. The Company shall not be bound for any promise or representations heretofore or hereunder given by any person other than the above."

The same provision appears in the converted policy.

Of the cases cited by counsel for plaintiff, Massachusetts Bonding & Ins. Co. v. R. E. Parsons Elec. Co., 8 Cir., 61 F.2d 264, Columbia Fire Ins. Co. v. Boykin, 4 Cir., 185 F.2d 771, and Bankers Fire Ins. Co. v. Henderson, 196 Va. 195, 83 S.E.2d 424, all involve fire or casualty insurance, as does the interesting case of Virginia Automobile Mut. Ins. Co. v. Brillhart, 187 Va. 336, 46 S.E.2d 377, and have no particular pertinency here. The cases of Kaiser v. Carolina Life Insurance Co., 219 S.C. 456, 65 S.E.2d 865, and Broidy

v. State Mutual Life Assur. Co., 2 Cir., 186 F.2d 490, tend to support plaintiff's contention, but are distinguishable on the facts. Donohue v. New York Life Ins. Co., D.C., 88 F.Supp. 594, a decision against the insured, although grounded upon the laches of the plaintiff, is favorable to the defendant.

The cases cited by defendant's counsel, New York Life Insurance Co. v. Franklin, 118 Va. 418, 87 S.E. 584, and Peoples Life Insurance Co. v. Parker, 179 Va. 662, 20 S.E.2d 485, are life insurance cases, are pertinent, and to my mind clearly support the conclusion which I have reached.

█ The allegations of the complaint here do not make out a case of mutual mistake. At most, the plaintiff alleges that he was misled by " * * * an overoptimistic forecast by the agent of probable future dividends * * *." Donohue v. New York Life &c. Co., supra, 88 F.Supp. at page 595. The agent here had no authority to make a contract; he was only authorized to accept and transmit applications to the company. Of this limited authority, the plaintiff had at least constructive notice, and there is no allegation that any notice of the agent's "overoptimistic forecast" was brought home to the defendant.

While maybe not strictly pertinent, a little figuring is interesting: During the twenty years which plaintiff carried his original policy, he was paying $11.33 per thousand for his insurance, for which payment he got insurance protection during this period. He paid premiums to the defendant in the aggregate amount of $2,266 during the twenty years, and when he converted, paid the additional sum of $3,540.57, an aggregate of $5,806.57. For these payments he has had the benefit of insurance protection in the amount of $10,000 for twenty years or more, and will continue to have this protection until he dies, without being required to pay another dollar. But he now contends that he should receive a guaranteed dividend of $300 annually, which would be between

five and six percent of the aggregate of all the money he has paid in, for the rest of his life, and that at his death the Company should pay to his beneficiary $10,000. Obviously, no insurance company would enter into such a contract, and a court of equity in my opinion would be extremely loath to force such a contract upon this defendant.

An order will be entered rendering judgment for the defendant and dismissing this action at the cost of the plaintiff.