Albert H. NEWTON and Genevieve Newton, Plaintiffs,

v.

NEW YORK LIFE INSURANCE COMPANY, a corporation; Manufacturers Life Insurance Company, a corporation; and Dominion Life Assurance Company, a corporation; Does One to Five, inclusive, Defendants and Third-Party Plaintiffs,

Lloyd STEADMAN and Wayne W. Wentner, Third-Party Defendants.

Civ. No. 7838.

United States District Court
N. D. California, N. D.

Nov. 21, 1962.

---

Hurley & Bigler, Yreka, Cal., Kenny, Morris & Ibanez and Robert W. Kenny, Los Angeles, Cal., for plaintiffs.

McCutchen, Doyle, Brown & Enersen, Morris M. Doyle and Ray Vandervoort, San Francisco, Cal., for defendant and third-party plaintiff New York Life Ins. Co.

Knight, Boland & Riordan, Burton L. Walsh and Richard J. Kilmartin, San Francisco, Cal., for defendant and third-

party plaintiff Manufacturers Life Ins. Co.

Pillsbury, Madison & Sutro, Eugene M. Prince, John B. Bates and Harlan M. Richter, San Francisco, Cal., for defendant and third-party plaintiff Dominion Life Assur. Co.

Paul Goodsell Sullins, Altadena, Cal., for third-party defendant, Lloyd Steadman.

McNeil, Steiner, O'Dea & Luckham and Philip Steiner, San Francisco, Cal., for third-party defendant, Wayne W. Wentner.

HALBERT, District Judge.

■ In this action for damages for alleged fraud, concealment and misrepresentation in the issuance and sale of certain life insurance and annuity policies, defendants Manufacturers Life Insurance Company, Dominion Life Assurance Company, and third-party defendant Lloyd Steadman have set forth, as an affirmative defense to plaintiffs' causes of action, certain "Incontestable Clauses," contained in the contracts here involved. It is contended that said clauses act as a bar to this action. By reason of the fact that this defense has been raised by third-party defendant Lloyd Steadman, the defense, if successful, will, under the provisions of Rule 14(a) of the Federal Rules of Civil Procedure, accrue to the benefit of defendant New York Life Insurance Company, even though that defendant has specifically refrained from raising said defense itself (American Export Lines, Inc. v. Revel, 4 Cir., 262 F.2d 122; Pettus v. Grace Line, Inc., D.C., 166 F.Supp. 463; and M.V.M., Inc. v. St. Paul Fire & Marine Insurance Co., D.C., 20 F.R.D. 296).

The basic issue here presented appears to be one of first impression. Succinctly stated, it is: Are the instant incontestable clauses for the benefit of the company-insurers, as well as for the benefit of the insureds and the annuitants?

This specific issue was denominated and separated from the more general proceedings in this matter, and a separate trial was had, by and with the consent of all parties, on this issue, on August 14, 1962, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.

Ruling on a prior motion by plaintiffs to strike this special defense, filed pursuant to Rule 12(f) of the Rules of Civil Procedure, was reserved in order that it might be determined in connection with the Court's decision on the merits of the special defense.

At the trial, the annuity contracts issued by defendants Manufacturers (Exhibits C and D) and Dominion (Exhibits A, B and C) and the policies issued by New York Life (Steadman Exhibits 1–34) were admitted into evidence. Each of these contracts contains what is generally called an "entire contract" clause (wherein it is stated that the written instrument is the entire agreement between the parties) and an "incontestability clause." The incontestability clause contained in the Dominion and Manufacturers policies, all of which are annuity contracts, reads as follows:

"This policy shall be incontestable after it has been in force during the lifetime of the Annuitant for a period of two years from its date of issue."

The wording of the policies issued by New York Life varies from policy to policy, but the general result is the same, as to both the life insurance contracts and the annuity contracts. Illustrative of the New York wording is the following:

"This Policy shall be incontestable after it has been in force during the lifetime of the Insured for two years from its date of issue except for [certain exceptions not here material]."

It is also to be noted that, as to one group of life insurance policies, the incontestable period is one year.

■ It is the contention of plaintiffs that these incontestability clauses run only for the benefit of the insured or the annuitant, and not for the benefit of the

issuing companies. This position is alleged to be in accord with the well accepted and general rule of insurance law that any and all ambiguities in an insurance policy are to be construed against the issuing company, and in favor of the insured.

■ It must be noted, however, that in the incontestability clauses here involved, no exceptions are set forth relative to benefits running to a particular party to the contract. Those clauses do not say that the policies shall be incontestable by the insurer after two years. No suggestion is anywhere in the contracts made that the incontestability clauses shall not run for the benefit of the insurance companies, as well as for the benefit of the insured. In this connection, the following statement of the United States Supreme Court in Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U.S. 167, at 177, 44 S.Ct. 90, at 92, 68 L.Ed. 235, is particularly significant:

> "In order to give the clause the meaning which the petitioner ascribes to it, it would be necessary to supply words which it does not at present contain. The provision plainly is that the policy shall be incontestable upon the simple condition that two years shall have elapsed from its date of issue;—not that it shall be incontestable after two years if the insured shall live, but incontestable without qualification and in any event."

In the light of this rule, it appears improper to read into the present policies any language which would deny to the insurance companies the benefits of the incontestability clauses contained therein.

Numerous cases contain language (No precise holdings on this point can be found to support the position of either plaintiffs or defendants.) which leads to the conclusion that incontestability clauses are for the benefit of both the insurer and the insured (See, generally, Columbian National Life Ins. Co. v. Black, 10 Cir., 35 F.2d 571, 577, 71 A.L.R. 128;

Dorman v. John Hancock Mut. Life Ins. Co., D.C., 25 F.Supp. 889, 893; Baum v. Massachusetts Mut. Life Ins. Co., Okl., 357 P.2d 960, 963; Winer v. New York Life Ins. Co., 138 Fla. 818, 190 So. 894; and Kansas Mut. Life Ins. Co. v. Whitehead, 123 Ky. 21, 93 S.W. 609).

I am aware of the language in Donohue v. New York Life Ins. Co., D.C., 88 F.Supp. 594, at 596, in which a contrary position appears to have been taken. That determination, however, is mere dictum in that case, and really has no more significance than the general language to which reference has been made. I do not feel bound by the dictum in Donohue v. New York Life Ins. Co.

■ A separate reason for applying the benefits of the incontestability clauses in certain of the policies of defendant companies is found in the very nature of said policies. The plan of insurance here involved was set up, allegedly, as a Bank Loan Plan, by which certain tax benefits would be acquired. As part of said plan, certain annuity policies, as well as life insurance policies, were purchased by plaintiffs. It seems clear to me that the inclusion of an incontestability clause in an annuity contract is primarily for the benefit of the issuing company, rather than the annuitant, since the risks of loss under such a contract are imposed primarily upon the annuitant rather than upon the issuing company (See, generally, S. E. C. v. Variable Ann. Ins. Co., 359 U.S. 65, 70, 79 S.Ct. 618, 3 L.Ed.2d 640; Helvering v. Le Gierse, 312 U.S. 531, 541, 61 S.Ct. 646, 85 L.Ed. 996; Estate of Barr, 104 Cal.App.2d 506, 510, 231 P.2d 876; and Equitable Life, etc., Soc. v. Johnson, 53 Cal.App.2d 49, 127 P.2d 95). This is exactly the reverse of the situation where a life insurance policy is involved. In that instance, generally, it is the insurer who wishes to contest the validity of the contract. The basic reasons for the hypothesis that an incontestability clause benefits the insured appear to be the same with reference to an annuity company, for in such a situation it is the annuitant (like the insurance company

insurer in the life insurance situation) who bears the risk of loss. Accordingly, as to the annuity contracts here involved, this is a second and separate reason why the incontestability clauses should inure to the benefit of the issuing companies.

 A further point sought to be made by plaintiffs must be considered here. Plaintiffs contend that the nature of an incontestability clause is similar to that of the statute of limitations. This being so, they argue, the same rules should apply with reference to the running of the period of incontestability. Specifically, the two-year period of incontestability should begin (since this is an action for fraud) at the time that plaintiffs discovered, or in the exercise of reasonable care should have discovered, the alleged fraud upon which this action is based.

There are two answers to this contention. First, there is an answer of fact, namely, that the incontestability clauses uniformly state that the period of incontestability is for a precise number of "years from its [the policy's] date of issue." In the face of such specific language, no room for interpretation exists. Second, there is an answer of law, namely, that the courts have uniformly rejected this contention (Ostroff v. New York Life Ins. Co., 2 Cir., 104 F.2d 986; Lloyd v. Franklin Life Ins. Co., 9 Cir., 245 F.2d 896; Coodley v. New York Life Ins. Co., 9 Cal.2d 269, 70 P.2d 602; Meyer v. Johnson, 7 Cal.App.2d 604, 605, 46 P.2d 822; and Dibble v. Reliance Life Ins. Co., 170 Cal. 199, 149 P. 171).

The record is clear that this action was filed more than two years after the issuance of certain of the insurance and annuity policies here involved. Accordingly, it follows that this action is barred, as to each of those policies which contain an incontestability clause, and as to which no compliance with said clauses has been made.

It Is, Therefore, Ordered that judgment in this action be, and it is, hereby rendered in favor of defendants Manufacturers Life and Dominion Life, on the special defense alleged with reference to the incontestability clauses;

It Is Further Ordered that judgment in this action be, and it is, hereby rendered in favor of third-party defendant Lloyd Steadman, on behalf of defendant New York Life, on said special defense, with reference to each of the New York Life policies containing an incontestability clause, as set forth in the Seventh Defense of said third-party defendant;

It Is Further Ordered that plaintiffs' motion to strike said special defenses be, and it is, hereby denied;

And It Is Further Ordered that defendants prepare and lodge with the Clerk of this Court appropriate findings of fact, conclusions of law, a form of judgment, and any other documents required for the complete disposition of this case under the applicable rules and statutes.