**Margaret L. PHOENIX and Thomas F. Gordon, Plaintiffs-Appellants,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, a Corporation, and Melvin Krah, Executor of the Estate of Charles O. Fleck, deceased, Defendants-Respondents.**

No. 50225.

Supreme Court of Missouri,

Division No. 2.

May 11, 1964.

Motion for Rehearing or to Transfer to Court En Banc Denied June 8, 1964.

August W. Jaudes, St. Louis, for appellants.

Frank Bild, St. Louis, for respondent Melvin Krah, executor of the estate of Charles O. Fleck, deceased.

Fordyce, Mayne, Hartman, Renard & Stribling, William W. Sleater, Jr., St. Louis, for respondent Metropolitan Life Ins. Co.

BARRETT, Commissioner.

Charles O. Fleck was the insured in three policies of life insurance in the Metropolitan Life Insurance Company in the principal sum of $22,000, and his wife Linnie B. Fleck was the named beneficiary. Mrs. Fleck died on January 14, 1962, and on May 29, 1962, Mr. Fleck died without changing or designating another named beneficiary. Upon proof of death and surrender of the policies the company paid Melvin Krah, the executor of Fleck's estate, the proceeds of the policies. Whereupon the plaintiffs, Margaret L. Phoenix and Thomas F. Gordon, children of Mrs. Fleck by a former marriage, instituted this action against the executor and the Metropolitan claiming that as Mrs. Fleck's only heirs they were entitled to the proceeds of the policies. The parties all moved for summary judgment, the court sustained the company's and the executor's motions and accordingly entered judgment and the plaintiffs have appealed.

The plaintiffs-appellants now claim that "there were material fact questions;" namely, 1. "To determine the intent of the insured" and 2. "To determine whether the insured attempted to

change the named beneficiary after her death," and that therefore the court erred in entering summary judgment. There is no disposition to alter the general rule: "The fact that both parties have moved for summary judgment does not establish that there is no issue of fact. A party may concede that there is no issue if his legal theory is accepted and yet maintain that there is a genuine dispute as to material facts if his opponent's theory is adopted." 3 Barron & Holtzoff, Federal Practice & Procedure, Sec. 1239, p. 176. The difficulty with the appellants' position and the reason the general rule is not applicable is that this court of necessity must take the record as the parties have made it. Pursuant to the rules (Sup.Ct. Rule 82.12, V.A.M.R.), the appellants and the respondents have approved and agreed to a transcript and it nowhere appears in that record that there are material questions of fact as to the insured's intention or that there was ever an attempt on his part to change the beneficiary, and the belated assertions in the appellants' brief may not be employed to supply the omission. In their petition the appellants asserted the facts to be as outlined in the first paragraph of this opinion, and the basis of their claim then and now is that by reason of the statutes, V.A.M.S. §§ 376.540, 376.560, the proceeds of the policies should have been paid to them. In their motions for summary judgment the appellants asserted that, reading the statutes and the policies, they were entitled as a matter of law to recover. There were no other pleadings and no other relevant facts asserted in the pleadings, there were no depositions or affidavits and thus upon this record there were no other facts or issues, hence it does not appear that there are any disputed or controverted material facts within the meaning of the summary judgment rule. Sup.Ct. Rule 74.04; Engl v. Aetna Life Insurance Co., 2 Cir., 139 F.2d 469, 472.

This is not an instance of a wife insuring the life of her husband and paying the premiums out of her separate funds, there-by securing an absolute or vested right in the proceeds upon his death. V.A.M.S. § 376.530. Sovereign Camp, Woodmen of the World v. Downing, Mo.App., 201 S.W. 951. Neither is it an instance of a wife by contract securing a vested interest in a policy on the life of her husband so that even after divorce and despite his right to change beneficiaries she would be entitled to the proceeds as against his administrator. Thomson v. Thomson, 8 Cir., 156 F.2d 581; Annotations 52 A.L.R. 386; 175 A.L.R. 1220. And, as indicated, this is not an instance in which the insured had attempted to change beneficiaries after his relationship to the originally named beneficiary had changed. Orthwein v. Germania Life Ins. Co., 261 Mo. 650, 170 S.W. 885; Persons v. Prudential Ins. Co. of America, Mo., 233 S.W.2d 729; Prudential Ins. Co. of America v. Gatewood, Mo., 317 S.W.2d 382.

It is said that the insured intended that Linnie B. Fleck "or her heirs" should receive the proceeds of his life insurance. It is urged that his intention in this regard was manifest from two things; one, the applications for the policies named Linnie as beneficiary and did not designate a contingent beneficiary, and, two, that after Linnie's death he "made no effort to change the beneficiary as required by statute." V.A.M.S. § 376.560. This contention overlooks the force of the fact that in both the applications and the policies the insured, after designating Linnie as beneficiary, reserved the right without her consent to change the beneficiary. Furthermore, the intent argument overlooks the fact that when issued the policies provided that "(i)n case of the death of any Beneficiary or contingent Beneficiary the interest of such Beneficiary shall revert to the Insured unless otherwise provided in his Policy or by written notice filed at the Home Office of the Company." In view of these factors and in these circumstances it may not be said that Mr. Fleck intended that Linnie's "heirs" should be entitled to the proceeds of his life insurance or that in the policies

he expressed or made manifest any such intention. As a matter of fact, in the trial of the cause the appellants' reliance was not upon some unexpressed intent, as stated their basic claim was and is that under the applicable statutes they as heirs of the designated beneficiary wife who predeceased her husband are entitled to the proceeds of the policies.

In 1948, when the policies were issued, and now there were two statutes: V.A.M.S. § 376.540 provided "In case of the death of the wife before the decease of the husband, the amount of the insurance shall be payable to her heirs, for their use, and to their guardian, if under age, unless otherwise provided for and stipulated in the policy." V.A.M.S. § 376.560 provided, in part, that "[a]ny policy of insurance heretofore or hereafter made by any insurance company on the life of any person, expressed to be for the benefit of the wife of the insured, shall inure to her separate benefit, independently of the creditors, executors and administrators of the husband; provided, however, that in the event of the death or divorcement of the wife before the decease of the husband, he shall have the right to designate another beneficiary * * *. But when the premiums paid in any year out of the funds or property of the husband shall exceed the sum of five hundred dollars, such exemptions from such claims shall not apply to so much of said premiums so paid as shall be in excess of five hundred dollars, but such excess shall inure to the benefit of his creditors." The appellants say that in case of a conflict in statutes and policy provisions directing the disposition of life insurance the statutes "over-ride(s) the policy." They urge that these statutes in "plain words, with plain meaning" provide that "heirs of a designated beneficiary are entitled to the proceeds of insurance when the beneficiary is the wife of the insured and she dies prior to the insured and insured has not changed beneficiary during his lifetime."

It is entirely possible that one or two cases involving these and similar statutes are in conflict in principle with the majority of cases, for example Smith v. Grand Lodge A. O. U. W., 124 Mo.App. 181, 101 S.W. 662, and Postal Life & Casualty Insurance Co. v. Tillman, Mo.App., 287 S.W. 2d 121. It is not proposed here, however, to attempt a reconciliation of the cases other than to say that some of the cases involved other types of life insurance or other types of statutes, as Kindleberger v. Lincoln Nat. Bk. of Washington, 81 U.S.App.D.C. 101, 155 F.2d 281. The Kindleberger case is annotated in 167 A.L.R. 1021 "Construction and application of statute respecting proceeds of life insurance in event of death of named beneficiary before insured." In connection with the appellants' argument and construction of the statutes it should be noted that § 376.540 provides, in the event of death of the wife before her husband, that the insurance "shall be payable to her heirs" but subject to this provision *"unless otherwise provided for and stipulated in the policy."* And while applicable statutes may be a part of the policies, as stated fifty years ago, "(t)he design of this statute (§ 376.560) was to affect the *quality* of the estate given to the wife by virtue of her being a beneficiary in the policy, and to make whatever should come to her thereunder a part of her separate estate and exempt from the claims of the creditors of her deceased husband. It was not the design of the statute to disable the husband, in the making of his contract, from entering into an agreement which would render the interest of his wife, as beneficiary, wholly contingent upon the non-exercise of such powers as were reserved to the insured under the conventional and statutory terms of the present policy. The statute did not intend, nor provide, nor could it be rationally construed, that the husband should not have full liberty to contract with reference to the interest which he might desire to give to his wife as beneficiary in a policy upon his life. It only provides that whatever contract he does make—whether giving her an absolute or a conditional interest—shall result in making that interest, if it ever ac-

**630**

crues to the wife, a part of her separate estate." McKinney v. Fidelity Mutual Life Ins. Co., 270 Mo. 305, 318, 193 S.W. 564, 567; Haven v. Home Insurance Co., 149 Mo.App. 291, 130 S.W. 73.

 These distinctions aside however, the policies and the case for decision then is in this posture: Mrs. Fleck who had no absolute or vested interest in her husband's life insurance predeceased him. Mr. Fleck had not designated another beneficiary and the policy provided, in the event the beneficiary predeceased him, that "the interest of such Beneficiary shall revert to the Insured." As stated, in both the applications and the policies Mr. Fleck reserved the right to change the beneficiary and, no other factor intervening, Mrs. Fleck did not acquire an absolute or vested right in the proceeds. 29A Am.Jur. (Insurance) § 1640, p. 721. In the circumstances of this record and these policies "the proceeds of insurance pass to the insured's heirs or estate to the exclusion of the heirs or estate of the deceased beneficiary." 4 Couch, Insurance 2d, § 27.131, p. 673; 2 Appleman, Insurance Law, § 1122, p. 561. There is no conflict here in the statutes and the policy provisions, one statute affects the quality of the beneficiary's estate and the other, § 376.540, governs and the proceeds are payable to the wife's heirs "unless otherwise provided for and stipulated in the policy." The policies all "otherwise provided" that if the beneficiary predeceased the insured her interest "reverted to the Insured" and therefore the statutes are inapplicable. 29A Am.Jur. § 1649, p. 731; Annotation 167 A.L.R. 1. c. 1023; Walker v. Peters, 139 Mo.App. 681, 124 S.W. 35. A case quite similar in its facts is Schlereth v. Neely, Mo.App., 285 S.W. 168, and other persuasively comparable cases are Northeast Mutual Ins. Ass'n v. Ford, 241 Mo.App. 40, 229 S.W.2d 705; Stephens v. Stephens, Mo.App., 264 S.W. 2d 925; Field v. John Hancock Mut. Life Ins. Co., Mo.App., 142 S.W.2d 816. For these indicated reasons the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

**PER CURIAM:**

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.