MOORE–HARRIS ABSTRACT COMPANY, a corporation, Plaintiff,

v.

James H. ESTES and Beverly Jane Estes, his wife, Defendants and Third-Party Plaintiffs, Respondents,

v.

Clifford CAMPBELL and Delsie Campbell, his wife, Third-Party Defendants, Appellants.

No. 34453.

Missouri Court of Appeals, St. Louis District, Division Two.

May 1, 1973.

Oliver, Oliver & Jones, Cape Girardeau, for plaintiff.

Finch, Finch, Knehans & Cochrane, Richard G. Steele, Cape Girardeau, for defendants-third party plaintiffs.

Thomas L. Arnold, Benton, for third party defendants-appellants.

KELLY, Judge.

This appeal from the action of the trial court in sustaining the third-party plaintiffs' (hereinafter referred to as the Esteses) motion for summary judgment emanates from the following fact situation. The Esteses had been sued by the plaintiff, Moore-Harris Abstract Company (hereinafter referred to as "the abstract company"), the assignee of warranties in a warranty deed from the Esteses to Carroll L. Adams and Mabel L. Adams, his wife, wherein the land in question situated in Scott City, in Scott County, Missouri, was conveyed to the Adamses on October 27, 1967. The Esteses thereafter filed a third party petition seeking to hold Clifford Campbell and Delsie Campbell, (hereinafter referred to as "the Campbells") husband and wife respectively, liable to them for whatsoever sums should be recovered by a judgment, if any, in favor of the abstract company in its suit against them.

The pleadings, interrogatories and answers filed in response thereto, and the motions for summary judgment and affidavit filed thereafter, develop the following fact situation which was before the court at the time it ruled on the motion of the Esteses for summary judgment. On January 24, 1962, the Esteses conveyed the land in issue to the Campbells by general warranty deed, covenanting that the lands were free from any encumbrances. At the time this conveyance was made the Campbells executed a first deed of trust in favor of the First Federal Savings and Loan Association on said real estate and subsequently on June 20, 1962, executed a second deed of trust in favor of the Esteses, to secure a note in the principal sum of $13,000.00. Thereafter, on June 28, 1966, a warranty deed prepared by one Jerry S. Estes, an attorney at law, at the request of James S. Estes reconveyed the pertinent real estate to the Esteses to avoid the expense of foreclosure by the holder of the first deed of trust, the First Federal Savings and Loan Association. This deed, prepared on a form "General Warranty Deed", immediately after the description of the tract conveyed, contained the following: "The purpose of this deed (sic) to convey all right, title and interest to said property occupied and known as the Clifford and Delsie Campbell residence and all improvements thereon in satisfaction of

a second Deed of Trust in favor of James H. Estes and Beverly Jane Estes dated June 20, 1962 being recorded in Scott County in Book 131 at Pages 677–678." It also contained the customary covenants against encumbrances found in General Warranty Deeds and recited the existence of the first deed of trust aforesaid. Thereafter the Esteses took possession of the tract of land and sometime in October, 1967, through the holder of the first deed of trust, the First Federal Savings and Loan Association, retained the services of the abstract company to prepare a supplemental abstract of title for them. For these services the Esteses paid the abstract company a fee of $31.00. On October 27, 1967, the Esteses then conveyed the tract of land by general warranty deed to the Adamses and in doing so relied on the certification of the abstract company that the real estate was free of all encumbrances save for the first deed of trust recited in the deed. Somewhat later, the date is not set out anywhere in the transcript furnished this court, it was learned by the Adamses that when the deeds were executed both state and county real estate taxes for the years 1962 through 1966 were unpaid and constituted a lien on the real estate to the sum of $1,553.17. The abstract company took an assignment of the warranties from the Adamses on August 23, 1968, and then brought this suit against the Esteses to recover this amount of the unpaid taxes.

Third Party Plaintiffs, by leave of court, filed their Third Party Petition against the Campbells seeking to hold the Campbells liable to them for any judgment the abstract company might obtain against them on the warranties contained in their deed to the Adamses. The Campbells filed their "Answer to Third Party Petition" admitting their residency in Scott County, Missouri, that the abstract company had filed a petition against the Esteses and that the taxes allegedly due were unpaid and amounted to $1,553.17; but they denied all the other allegations of the Third Party

Petition, and set up seven defenses against the Esteses' claims for Third Party relief. These defenses were 1) that at the time the Esteses conveyed the property to them in 1962 the Esteses warranted that the land was free from all encumbrances when, in fact, it was not and there was a lien on the realty for $191.27 for unpaid taxes for the year 1962, and that therefore the Esteses were not entitled to recover this amount from them; 2) that the abstract company was not the real party in interest in the parent suit; 3) that the abstract company had negligently prepared an abstract of title for the Esteses and the Esteses relied on it in executing the warranty deed to the Adamses, and therefore the Esteses could not be liable to the abstract company because to so hold would permit the abstract company to profit from its own negligence; 4) that the assignment of the covenants in a warranty deed was unlawful and therefore the abstract company could not prevail in its suit against the Esteses; 5) that there was then pending in the Magistrate Court for Scott County, Missouri, a suit between the plaintiff and the Third Party Plaintiff in which this Third Party Defendant is not a party; 6) that the warranty deed of June 28, 1966, was not intended to be a general warranty deed between the Esteses and the Campbells, but was in fact a release of the second deed of trust and represented to them by the Esteses to be such at the time they executed it; that at the time the Campbells did not intend to warrant title or to covenant against any encumbrances on the tract, and therefore the Esteses cannot recover on the warranty theory; and finally, 7) that the abstract company is barred from recovering against the Esteses because their abstract of title constituted a negligent misrepresentation to the Esteses by the abstract company and that equity will not permit a wrongdoer to profit by his own wrongdoing or found a claim thereon.

The Campbells served interrogatories on the Esteses and after they were answered the Esteses filed their "First Amended

Third-Party Petition" which was identical in all respects to their original Third Party Petition except that paragraph 6 of the newly filed petition contained an allegation that in addition to the State and County taxes aforesaid there was, on June 28, 1966, due and unpaid city taxes for 1965 and 1966 amounting to $162.15 and $151.34, respectively. The Esteses alleged that the Campbells were liable to them for all of the unpaid 1965 city taxes and one-half of the 1966 city taxes.

An Answer to the First Amended Third Party Petition was filed by the Campbells, which in addition to the allegations and defenses set out in their Answer filed to the original Third Party Petition, denied that any city taxes were due for 1965 and 1966.

With the case in this stature the Esteses filed a motion for summary judgment accompanied by an affidavit by their attorney of record which recited that "On January 4, 1971, the Circuit Court of Cape Girardeau County, Missouri, entered its judgment in favor of plaintiffs and against defendants-third-party plaintiffs in the sum of One Thousand Five Hundred Fifty-three and 17/100 Dollars ($1,553.17) with interest thereon from October 27, 1967."; that the judgment is a final judgment and demand has been made upon the Esteses to pay the abstract company the sum of $1,553.17 plus $398.39 interest or a total of $1,951.56. On October 15, 1971, (one week subsequent to the aforesaid motion of the Esteses for summary judgment) the Campbells filed their motion for summary judgment with an affidavit of Mr. Campbell and two exhibits: A—a copy of the General Warranty Deed of June 28, 1966 and B—a copy of the Second Deed of Trust and note of June 20, 1962, between the Campbells and the Esteses. In his affidavit Mr. Campbell recites that the deed, Exhibit A, was given in release and satisfaction of all claims existing between the parties in the Deed of Trust, Exhibit B, and that satisfaction had been entered of record with respect thereto; that the warranty deed, Exhibit A was prepared at the request of James H. Estes, one of the Third Party Plaintiffs, and that it is in effect a quit claim deed and therefore no action could be maintained on the warranties recited therein.

The trial court sustained the Esteses motion for summary judgment and entered judgment against the Campbells for $1,951.56 and interest in the sum of $237.82, or a total sum of $2,937.82.

The Campbells raise as grounds for reversal four contentions of error by the trial court. The first two are with reference to the legal effect of the deed executed by the Campbells on the 28th day of June, 1966, which they contend was a quit claim deed and not a general warranty deed. The third and fourth grounds attack the propriety of the trial court's entry of summary judgment where there were genuine issues of fact in the case.

■ Because we conclude that the trial court erred in granting the Third-Party Plaintiffs' Motion for Summary Judgment and for that reason the cause must be reversed and remanded for further proceedings, we need not dispose of the Campbells' contentions in relation to the legal effect of the deed of June 28, 1966, but leave that to the trial court on the trial of the fact issues raised in the pleadings and other documents in the case.

■ Rule 74.04(c), V.A.M.R., provides for summary judgment when the pleadings, depositions, etc. show that there is no genuine issue of material fact; however, unless it is shown by "unassailable proof" that the party so moving is entitled to such judgment as a matter of law, a summary judgment may not be entered. Rule 74.04 (h), Elliott v. Harris, 423 S.W.2d 831, 834–835 [3] (Mo.Banc, 1968). The fact that both parties move for summary judgment does not establish that no genuine issue of material facts exists. Lynch v. Webb City School District #92, 418 S.W.2d 608, 618 [14] (Mo.App., 1967). The party may concede that there is no issue of fact if his

legal theory is adopted, and yet maintain that there is such an issue if his opponent's legal theory is adopted. Phoenix v. Metropolitan Life Insurance Co., 379 S.W.2d 626, 628 [1] (Mo., 1964). Nor does the difference of opinion between the parties as to the legal effect of a document by which their respective rights are determined preclude the court from entering a summary judgment. 66 Terminal, Inc. v. Roberts, 448 S.W.2d 938, 939 [2] (Mo.App., 1969).

 In reviewing the granting of a summary judgment the party against whom the summary judgment was rendered is given the benefit of every doubt as to the validity of the trial court's action. Pagan v. City of Kennett, 427 S.W.2d 251 [1] (Mo.App. 1968). The Campbells have alleged seven "defenses" to the Esteses' claim for relief. The affidavit in support of the Esteses' motion for summary judgment does not attempt in any manner to refute any one or more of these, but sets forth only the rendition of a judgment in favor of the abstract company and against the Esteses in the Circuit Court of Cape Girardeau County.

Rule 52.11 (formerly Civil Rule 52.-10) provides that not only may a third-party defendant assert whatever defenses he may have to the third-party plaintiff's claim against him, but he may also assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim as well as any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of plaintiff's claim against the third-party plaintiff. And even in those instances where the third-party plaintiff refuses to raise available defenses against the plaintiff, the third-party defendant may raise them nonetheless. Newton v. New York Life Insurance Co., 210 F.Supp. 859, 860 [1] (N.D.Calif., 1962), Carey v. Schuldt, 42 F.R.D. 390, 395 [15] (E.D.La., 1967). The reason for allowing the third-party defendant to raise the defenses available to a third-party plaintiff in his answer to

the third-party petition is set out in Carey, supra, p. 395, as follows:

"The answer to the third-party complaint is the most logical place in which to raise the defenses. For it is the third-party plaintiff who has called the third-party defendant to the fray, and it is only natural to expect the third-party defendant to state in his answer to the third-party plaintiff the reasons why he should not be liable, whether those reasons relate to the plaintiff's claim against the defendant or to the defendant's claim against the third-party defendant."

The defenses pleaded by the Campbells in their Answer to the Third-Party Plaintiff's Petition raise issues of material fact and therefore we hold that summary judgment was improvidently granted.

The Judgment is reversed and remanded.

SMITH, P. J., and SIMEONE, J., concur.