**The LAMMERT FURNITURE COMPANY, Respondent,**

v.

**AMERICAN NATIONAL STORES, INC. and Jonal Enterprises, Inc., Appellants.**

No. 43141.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 19, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 10, 1981.

---

Bernard W. Weitzman, St. Louis, Michael McKitrick, Clayton, for appellants.

Harold S. Cook, Clayton, for respondent.

CRIST, Presiding Judge.

The Lammert Furniture Company (hereinafter "Lammert-sublessee") sought a declaration that a sublease was in full force and effect, and not extinguished by termination of the primary lease. This declaratory judgment action came to an abrupt halt when the trial court granted summary judgment in favor of Lammert-sublessee. We reverse and remand.

On July 8, 1964, Sandra Snider, as owner and lessor, leased the premises in question to Biederman Furniture Company, lessee. This primary lease is hereafter referred to as "Snider lease." The Snider lease was for a term of twenty-five years. The annual rental was $48,000.00. It permitted assignment and subleasing by lessors and lessees and provided for forfeiture in the event lessee became bankrupt.

Sandra Snider thereafter transferred the property and her lessor's interest in the Snider lease to John A. and Althea W. Schiffman (hereinafter "Schiffman-lessors"). Biederman Furniture Company assigned its interest as lessee in the Snider lease to American National Stores, Inc. (hereinafter "National-lessee").

On October 2, 1974, National-lessee entered an agreement to sublease the premises to Lammert-sublessee. Lammert-sublessee agreed to pay rental of $5,768.44 per month ($4,000.00 to Schiffman-lessors and $1,768.44 to National-lessee). On October 15, 1974, a petition in involuntary bankruptcy was filed against National-lessee.

On October 24, 1974, Schiffman-lessors and Lammert-sublessee, entered an agreement to lease which stated in pertinent part, that:

If said Snider Lease is forfeited or terminated by Lessors [Schiffman-lessors] for any reason and the Sublease between American National Stores, Inc., and The Lammert Furniture Company is thereby terminated, Lessor will immediately enter into a lease with lessee of the above described premises...

This agreement to lease provided for rentals in amounts greater than provided in National-lessee and Lammert-sublessee lease. The agreement to lease recited that a petition in involuntary bankruptcy had been filed against National-lessee, and Lammert-sublessee wanted protection from forfeiture. It acknowledged that an adjudication of bankruptcy would give Schiffman-lessors the right to forfeit and terminate the Snider lease, resulting in a termination of the sublease. In 1975, the petition for the involuntary bankruptcy of National-lessee was dismissed.

On October 1, 1976, Schiffman-lessors conveyed the premises and assigned their lessor's interest in the Snider lease to appellant, Jonal Enterprises, Inc. (hereinafter "Jonal-lessor").

On September 19, 1978, without notice to Lammert-sublessee, Jonal-lessor and National-lessee entered into an agreement to terminate the Snider lease. This agreement recited that the termination took place as a negotiated settlement of a dispute that had arisen between the parties. Jonal-lessor paid National-lessee $64,410.54 and agreed to indemnify National-lessee for any claims of Lammert-sublessee.

Jonal-lessor, by letter dated September 30, 1978, advised Lammert-sublessee that the Snider lease had been terminated and that, in accordance with the agreement to lease, all further rentals were to be paid to Jonal-lessor in amounts established by the agreement to lease. Lammert-sublessee filed its motion for summary judgment seeking a declaration that its sublease with National-lessee was still in effect. Jonal-lessor filed its counter-motion for summary judgment contending that the agreement to lease was in effect. The trial court granted summary judgment in favor of Lammert-sublessee. Jonal-lessor appealed. National-lessee did not appeal.

■ Summary judgment is an extreme remedy whereby the court can dispose of a matter without trial whenever there exists no doubt as to the material facts. Rule 74.04. See, *Weldon, Williams and Lick, Inc. v. L.B. Poultry Co.*, 537 S.W.2d 868, 870 (Mo.App.1976); *Dunbar v. Allstate Ins. Co.*, 584 S.W.2d 123, 124 (Mo.App.1979); *Peer v. MFA Milling Co.*, 578 S.W.2d 291, 292 (Mo. App.1979). A mere "difference of opinion as to the legal effect of a document" will not prevent the entry of a summary judgment. *Moore-Harris Abstract Co. v. Estes*, 495 S.W.2d 485, 489 (Mo.App.1973); *66 Terminal, Inc. v. Roberts*, 448 S.W.2d 938, 939 (Mo.App.1969).

■ Absent the agreement to lease, the voluntary termination of the Snider lease by the agreement to terminate would not have affected the rights of Lammert-sublessee under the Snider lease without notice to, and consent by, Lammert-sublessee. *Morrison v. Sohn*, 90 Mo.App. 76, 81 (1901). Under the circumstances of the instant cause, however, the supplemental agreements entered by the parties create some doubt as to a material fact. A motion for summary judgment premised upon interpretation of a document is appropriate only when the meaning of the words in the document is "so apparent that it may be gleaned from the four corners of the instrument itself. *E. O. Dorsch Elec. Co. v. Plaza Construction Co.*, 413 S.W.2d 167, 172 (Mo. 1967). Herein, because the parties did not agree, something more than mere examination of the words to a document was required for a proper discharge of the judicial function. *E.O. Dorsch Elec. Co. v. Plaza Construction Co.*, 413 S.W.2d 167, 172 (Mo. 1967).

■ The language of the agreement to lease provided that in the event of the forfeiture or termination by Schiffman-lessors of the Snider lease for any reason, the sublease between National-lessee and Lammert-sublessee was also terminated. This language gave Jonal-lessor the right to forfeit or terminate the Snider lease *for any reason*. Implicit in this right was the restriction that the termination or forfeiture must be for any *lawful* reason. The question of whether or not Jonal-lessor terminated the Snider lease for a lawful reason remains at issue. The resolution to this issue does not lie within the evidence

presented with the motions for summary judgment. Summary judgment was not appropriate in this case. *66 Terminal, Inc. v. Roberts*, 448 S.W.2d 938, 939 (Mo.App. 1969). We do not intend, by this opinion, to foreclose other issues joined by the pleadings and not at war with the holding in this case.

Summary judgment reversed and remanded.

REINHARD and SNYDER, JJ., concur.