**STEPHENS et al.  v.  STEPHENS.**

No. 28885.

St. Louis Court of Appeals.

Missouri.

Feb. 16, 1954.

Rehearing Denied March 12, 1954.

Not to be reported in State Reports.

N. Murry Edwards, and Ninian M. Edwards, St. Louis, for appellants.

Robert Kratky, St. Louis, for respondent.

BENNICK, Judge.

This is an action for breach of contract. The court dismissed the petition with prejudice, and plaintiffs have appealed.

The four plaintiffs are the children of one Jay Stephens by his first marriage. Jay Stephens died on January 20, 1951. Whether he died testate or intestate, the petition did not allege. Following the death of his first wife, Jay Stephens had remarried, and the defendant to this action is Eva Stephens, his widow.

The petition alleged that Jay Stephens had taken out two policies of insurance upon his life, the one for $10,000, payable to his first wife, plaintiffs' mother, as beneficiary, and the other for $2,000, payable to plaintiffs themselves as beneficiaries.

It was also alleged that in addition to the two insurance policies, Jay Stephens owned an automobile, several government bonds, some cash, and certain personal effects.

It was further alleged that on or about January 8, 1951 (slightly less than two weeks before Jay Stephens' death), the insurance company had attempted to change the beneficiary in the $10,000 policy from plaintiffs' mother, who was dead, to Jay Stephens' then wife, Eva Stephens, the defendant herein. Plaintiffs charged, however, that such attempted change of beneficiary was void upon the ground that Jay Stephens, at the time, was sick and without mental capacity to effect a change of beneficiary, and upon the further ground that the attempted change was brought about by undue influence exerted upon Jay Stephens by defendant, and was not his own free act and deed.

The petition then alleged that on or about January 27, 1951 (a week after Jay Stephens' death), plaintiffs and defendant had met together and had discussed the question of the settlement of the amount due plaintiffs under the two insurance policies, as well as the question of plaintiffs' interest in their father's estate; that defendant had claimed that the proceeds of the $10,000 policy belonged to her by reason of the change of beneficiary over to her; and that plaintiffs had informed defendant that in the event she attempted to rely upon such change of beneficiary, they would contest the same upon the grounds of lack of mental capacity and undue influence.

Plaintiffs then alleged that it was thereupon mutually agreed, as a settlement of all claims between themselves and defendant, that they would collect the $2,000 policy made payable to themselves as beneficiaries; that they would release all their claims to the automobile, bonds, and other

personal property which had been owned by their deceased father; and that they would release and relinquish all claims against the $10,000 policy, and would forego their right to contest the change of beneficiary upon the grounds of lack of mental capacity and undue influence, all in consideration of defendant's payment to them of the sum of $2,000 out of the proceeds of the $10,000 policy.

The petition then set out that in accordance with the terms of such agreement, plaintiffs had collected the proceeds of the $2,000 policy in which they had been designated as beneficiaries, but that defendant, acting upon the advice of counsel, had refused to carry out her part of the agreement to settle all of plaintiffs' claims by the payment to plaintiffs of $2,000 out of the proceeds of the $10,000 policy.

The petition concluded with a prayer for judgment against defendant in the sum of $2,000, with interest from January 27, 1951, the date of the alleged agreement.

The whole issue on this appeal, just as was true in the court below, is whether the petition stated facts sufficient to constitute a claim upon which relief could be granted.

It is of course undisputed that the petition set out an agreement between the parties whereby defendant promised to pay plaintiffs the sum of $2,000 for which plaintiffs prayed judgment. But for such promise to have been enforceable against defendant, it was necessary that it be supported by a valuable consideration; and the question of whether the petition stated facts sufficient to constitute a claim upon which relief could be granted is therefore reduced to one of whether the facts which plaintiffs pleaded as the consideration for defendant's promise could have validly served such intended purpose. If so, the court was wrong in dismissing the petition, but if not, it had no alternative, when plaintiffs refused to plead further, but to dismiss the case with prejudice.

■ In their brief in this court plaintiffs place their whole reliance for a consideration upon their agreement to relinquish all claims against the $10,000 policy, and to forego their right to contest the change of beneficiary over to defendant. The trouble is, however, that they had no valid claims against the policy, and no right in themselves to contest the change of beneficiary.

■ While the petition contains no express allegation upon the question, all the pleaded facts seem to indicate without dispute that the insured, Jay Stephens, had reserved the right to change beneficiary. Consequently the original beneficiary, plaintiffs' mother, acquired no vested interest in the policy by reason of her designation as beneficiary, so that upon her death prior to that of the insured, and except for the change of beneficiary over to defendant, her potential interest would have lapsed and reverted to the insured's estate. Northeast Mut. Ins. Ass'n v. Ford, Mo.App., 229 S. W.2d 705; Schlereth v. Neely, Mo.App., 285 S.W. 168.

■ But even so, no title to the proceeds of the policy would have vested in plaintiffs as the surviving next of kin; and the only manner in which they could have obtained distributive shares in any part of such proceeds would have been through the administration of their deceased father's estate. In other words, legal title to the proceeds, once collected, would have passed to the father's personal representative, who alone would have had the right to contest the change of beneficiary in the discharge of his duty to collect all money due the estate. It follows, therefore, that inasmuch as plaintiffs were not possessed of the right which they were undertaking to forego, their purported abandonment of such right could neither have been beneficial to defendant nor detrimental to themselves so as to have amounted to a consideration for defendant's promise given in return.

The only remaining question, even though not specifically referred to in plaintiffs' brief, is whether defendant's promise would have been supported by plaintiffs' agreement to release all their claims to the automobile, bonds, and other personal property which had been owned by their father at the time of his death. The answer must obviously be in the negative.

For a promise to be a sufficient consideration for a counter promise, it must be definite, and if it is indefinite, then it is insufficient consideration. Hudson v. Browning, 264 Mo. 58, 174 S.W. 393; Huttig v. Brennan, 328 Mo. 471, 41 S.W.2d 1054.

What are we to understand that plaintiffs meant by their agreement to release all their claims to the automobile, bonds, and other personal property owned by their father at the time of his death? If they meant that they would assign their respective claims to defendant, they did not say so. On the other hand, if they meant that at final settlement they would not appear to receive their respective shares, they did not say so. The particular promise was thus too vague and uncertain to have amounted to a consideration for defendant's promise, which may very well be the explanation for plaintiffs' failure to rely upon it in their brief.

The judgment rendered by the circuit court should be affirmed, and it is so ordered.

ANDERSON, P. J., and HOLMAN, Sp. J., concur.