**Matthew S. HOLT, Plaintiff–Respondent,**

v.

**James C. JAMIESON, Jr., Defendant–Appellant.**

No. 61417.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 16, 1993.

Mary Anne Sedey, William E. Moench, St. Louis, for defendant-appellant.

Peter W. Herzog, Jr., Patricia N. McCloskey, Herzog, Crebs & McGhee, St. Louis, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, James Jamieson, Jr. (defendant), appeals from the order of the trial court granting plaintiff, Matthew Holt (plaintiff), a new trial without specification of the grounds. The trial court had previously granted defendant's motion for directed verdict. We affirm in part and remand accordingly and reverse in part.

The issue raised in this appeal is whether an oral agreement between the parties was supported by consideration thereby creating a contract.

The evidence viewed in a light most favorable to plaintiff discloses that an agreement between plaintiff and defendant arose as a result of the business dealings of plaintiff with defendant's son, James Jamieson III (defendant's son). Defendant's son and plaintiff met at a social event at Jimmy's Cabaret, a nightclub owned by defendant's son at 4915 Delmar in the City of St. Louis. Plaintiff later learned from defendant's son that defendant helped finance the nightclub.

Thereafter, defendant's son approached plaintiff with a plan to reopen the recently closed Jimmy's Cabaret. The new nightclub was to be known as Club Nouveau. Defendant's son initially sought $65,000.00. Plaintiff could not raise that amount of cash, however, but subsequently borrowed $30,000.00 to invest in the project.

Thereafter, plaintiff began renovating the new club, including cleaning and replacing carpets, installing new platforms, rebuilding stairs, as well as performing other carpentry work. Plaintiff's expenses and monies loaned to defendant's son exceeded $13,000.00. Later, plaintiff also paid approximately $17,000.00 to forestall foreclosure on the property after defendant's son assured plaintiff that he would get defendant to repay the entire $30,000.00 investment. On that same day plaintiff received a promissory note from defendant's son for the sum of $30,000.00 "for work performed at 4915 Delmar," or $17,000.00 (less the $13,000.00 "already spent in leasehold improvements") if plaintiff entered into an agreement with defendant's son to open Club Nouveau "payable at the time any lease is filed." A lease between the two, for plaintiff's operation of the nightclub, was signed.

During this time, defendant called his son at the club periodically to inquire into the progress on the renovations. Defendant held a third deed of trust on the building. Approximately three days after plaintiff paid the amounts due to forestall foreclosure, defendant told plaintiff that his $30,000.00 investment would be returned.

About two weeks later relations between defendant's son and plaintiff broke down, with the former telling plaintiff he would have to sue to collect his $30,000.00. Plaintiff thereafter called defendant at his out-of-town home, advising him of plaintiff's contact with a lawyer, and that plaintiff could file a mechanic's lien and possibly hold up the sale of the building. In response, defendant urged plaintiff not to file a mechanic's lien, stating he would sell the

building and plaintiff would then get his money. Plaintiff told defendant that "we needed to have that in writing." Defendant then directed that plaintiff send him a memorialization of their agreement.

Thereafter, plaintiff drafted a letter to defendant, detailing his dealings with defendant's son, accompanied with an agreement, providing in pertinent part:

\* \* \* \* \* \*

NOW THEREFORE, in consideration of the premises and mutual covenants hereinafter contained, the parties agree as follows:

1. Matthew S. Holt shall not file a mechanic's lien against the property known as and described as 4915 Delmar ... and shall not file suit on the note executed on March 16, 1988 by James C. Jamieson, III for work performed on the aforementioned premises and monies paid [to prevent foreclosure] on behalf of James C. Jamieson, III by Matthew S. Holt.

2. James C. Jamieson, II [Jr.] hereby irrevocably assigns and appoints Matthew S. Holt the proceeds from the sale of the aforesaid building and/or proceeds due James C. Jamieson, II [Jr.] by reason of his Third Deed of Trust to the total amount of $30,000.00....

3. The consents and assignments given herein are irrevocable and should the closing of the property be postponed from the date now set, May 1st, 1988 then Matthew S. Holt's agreement to forebear the filing of a mechanic's lien and suit on note shall be nullified and he shall be free to file the mechanic's lien and suit on note.

\* \* \* \* \* \*

Defendant did not sign this agreement.

Two days after mailing the documents plaintiff again called defendant. Defendant told him that he could not sign the agreement for fear he would then be responsible for all of his son's debts. Defendant then assured plaintiff he would get reimbursed if he did not obstruct the sale of the building by filing a mechanic's lien.

Over the course of approximately the next month and a half, plaintiff was asked by defendant's son to go to defendant's St. Louis County home to make minor repairs. On each of these occasions, as well as during additional visits, defendant continued to reassure plaintiff that the money would be repaid.

Defendant's son eventually filed for bankruptcy, listing plaintiff as a creditor for $30,000.00. Plaintiff then discontinued his contact with defendant's son. By the time the case against defendant came to trial, no decision had been reached in the bankruptcy court as to whether the debt to plaintiff would be discharged.

In April, 1989, plaintiff brought this action against defendant, alleging two counts—intentional misrepresentation and breach of contract. At the close of plaintiff's case, the trial court granted defendant's motion for directed verdict, concluding that plaintiff failed to establish an essential element of the contract claim, i.e., consideration, as well as having failed to prove intentional misrepresentation on the part of defendant. Thereafter, the trial court granted plaintiff's motion for new trial without specifying the reasons. This appeal by defendant followed.

Rule 78.03 provides that "[e]very order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted." Because the trial court failed to specify any reason for granting the motion for new trial, it is presumed that the trial court acted erroneously. Accordingly, the burden of supporting such action is placed on plaintiff. Rule 84.05(b). *Blue Cross Health Services v. Sauer*, 800 S.W.2d 72, 75 (Mo.App.1990).

■ Plaintiff states two grounds in support of the trial court's order granting a new trial: (1) "that plaintiff's forbearance from filing a mechanic's lien was a valuable right even though no 'notice of owner' had yet been filed because at the time of the forbearance plaintiff was within the time during which he could have issued said notice and pursued said mechanic's lien"; and (2) "that adequate consideration existed because plaintiff's forbearance

from filing a mechanic's lien, even if a dubious, questionable or invalid right, is sufficient consideration if plaintiff had an honest belief in the validity of the mechanic's lien."

We first address plaintiff's second point because we find it dispositive of this appeal.

 Consideration based on the forbearance of a valuable right exists although the right later is determined to be invalid, provided that plaintiff had a reasonable, honest belief in its validity. *See, e.g., Fox v. Burton,* 402 S.W.2d 329, 334 (Mo.1966); *State ex rel. St. Louis Shipbuilding & Steel Co. v. Smith,* 356 Mo. 25, 201 S.W.2d 153, 157 (Mo.1947). Compromise of a doubtful claim is good consideration for a contract. *Elmore v. Wal–Mart Stores, Inc.,* 812 S.W.2d 178, 182 (Mo.App. 1991).

At the time plaintiff agreed to forego a mechanic's lien, he was arguably within the statutory period for creation and perfection of that lien. *See* §§ 429.012 and 429.080 RSMo (1986). He had consulted with and been advised by counsel that he had a right to pursue a mechanic's lien. In addition to the lien aspect, plaintiff agreed to forego an action on a promissory note which was later subject to discharge by the bankruptcy of defendant's son. Whether or not plaintiff would have prevailed in an action, particularly on the mechanic's lien aspect, is problematical based upon the resolution of various factual and legal questions. The issue, however, is not whether plaintiff would in fact have prevailed, but whether a jury could properly conclude that plaintiff's belief was honest and reasonable. Under the evidence in this case, plaintiff met that burden.

Defendant cites *Stephens v. Stephens,* 264 S.W.2d 925 (Mo.App.1954), for the proposition that a promise to forego a right that plaintiff does not and cannot possess is insufficient consideration to create a valid contract.

*Stephens* involved an action for breach of contract. Plaintiffs were decedent's four children, who had entered into an agreement with decedent's second wife, the defendant. According to the terms of the agreement, defendant promised to pay plaintiffs $2,000.00 of a $10,000.00 insurance policy naming defendant as the beneficiary, and plaintiffs promised to forego contesting that policy's change of beneficiary to defendant from decedent's first wife, plaintiffs' mother, who had predeceased decedent. The court concluded that the alleged contract failed for lack of consideration. *Id.* at 927.

The "right" that plaintiffs promised to forego in *Stephens* did not constitute consideration because the plaintiffs had no right to contest the change in beneficiary in the first instance. Any potential interest that their mother may have had lapsed when she predeceased the policy holder. *Id.* Thus, plaintiffs' belief was not reasonable. The present case differs significantly because plaintiff was the proper party to file a mechanic's lien against defendant's son, and based upon plaintiff's consultation with his attorney, there was evidence from which a jury could reasonably have inferred that plaintiff had a reasonable and honest belief that he could avail himself of the mechanic's lien law.

The order of the trial court granting plaintiff's motion for new trial on the breach of contract count is affirmed. The trial court's order granting a new trial on the intentional misrepresentation count is reversed.[1] Cause is remanded.

PUDLOWSKI and GRIMM, JJ., concur.

---

1. Plaintiff contends in the argument section of his brief that, because his right to a mechanic's lien was not invalid as a matter of law, by necessity "the court correctly concluded that

plaintiff's fraud count alleges viable damages." Failure to set forth an alleged trial error as a point relied upon constitutes an abandonment of the purportedly erroneous action. *See* Rule

84.04(d). *See Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978). Furthermore, plaintiff failed to demonstrate that the trial court properly granted the motion for a new trial on the fraudulent misrepresentation count; plaintiff adduced no evidence on essential elements of the tort, including, *inter alia*, that the representations by defendant were false and that defendant knew that such representations were false. *See Maples v. Charles Burt Realtor, Inc.*, 690 S.W.2d 202, 209 (Mo.App.1985).