**BUDGET RENT A CAR OF ST. LOUIS, Plaintiff/Appellant,**

v.

**GUARANTY NATIONAL INSURANCE COMPANY, and ADCO General Corporation, Defendants/Respondents.**

No. 69982.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 10, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 19, 1997.

Application to Transfer Denied March 25, 1997.

Edward K. Fehlig, Mary Webster Murphy, Ziercher & Hocker, St. Louis, for plaintiff/appellant.

John G. Enright, Matthew J. Eddy, Kortenhof & Ely, St. Louis, for defendants/respondents.

CHARLES B. BLACKMAR, Senior Judge.

The plaintiff-appellant, Budget Rent A Car of St. Louis, owns and operates a large fleet of rental vehicles. In late 1987 an insurance broker, Terrill Agency, undertook discussions on Budget's behalf with defendant, ADCO General Corporation, an agent for defendant Guaranty National Insurance Company, about liability insurance for drivers who rented automobiles from Budget. A

rate was quoted and, on December 1, 1987, ADCO issued a binder in return for Budget's payment of an initial premium deposit of $82,900. The binder insured "rentees" for "financial responsibility limits," which would appear to be the minimum required by state law. The premiums were to be computed on a monthly reporting basis. The binder makes no statement as to whether the insurance provided was primary, also referred to as "first dollar," coverage or excess coverage, requiring the lessee, and those claiming damages from the lessee, to look first to any other insurance covering the lessee's operation of the vehicle before resorting to the coverage provided by Guaranty. A certificate of insurance furnished to St. Louis Airport Authority, however, contained a blank space to be checked if the insurance was excess, and the box was not checked. The binder recited, "The insurance afforded by the policy(ies) described herein is subject to all of the terms, exclusions and conditions of such policy(ies.)"

A policy of insurance was received by Terrill on December 28, 1987. The policy contained an "other insurance" clause, the effect of which was to make the coverage excess rather than primary. We deem it immaterial that the tendered policy contained endorsements, known as "riders," in addition to the basic text. However annoying the format might be to readers, the several papers were tendered at the same time and must be read as a whole. There is no indication that a representative of Terrill or of Budget examined the policy promptly, but in January of 1988 Budget learned that Guaranty was not providing primary coverage to lessees who had other insurance. It submitted a protest through Terrill which was transmitted to ADCO. In a letter dated March 10, 1988, Guaranty, through ADCO, offered Budget two alternatives: (1) primary coverage for Budget's lessees throughout the term of the policy, with an increased rate of $6.70 per year per $1,000.00 of gross receipts as opposed to the $4.60 rate under the policy that was issued; or (2) primary coverage from February 22, 1988 at the $4.60 rate, with the further proviso that "if they [Budget] believe it necessary to settle the claims that have accrued thus far on a primary basis, to settle those claims on their own." Budget "reluctantly" accepted the second proposal.

As Murphy's law would have it, one of Budget's rental cars was involved in a serious accident on December 9, 1987, after the binder had been issued but before the policy had been received. The lessee's personal insurer deemed its coverage excess and declined to assume the defense. Budget then undertook to provide a defense and a substantial jury verdict was rendered which Budget paid up to the limits of the Guaranty policy. The driver's insurer paid the excess.

Budget then sued Guaranty and ADCO in three counts: Count I, seeking payment from Guaranty for its outlays in the defense of the suit; Count II, seeking contract damages against ADCO for its failure to procure primary insurance; and Count III, assigning the failure to procure primary insurance as negligence. The case was tried to the court, which entered judgment for the defendants on the ground of accord and satisfaction. Budget then prosecuted this appeal. We affirm.

■ Budget argues first that the accord and satisfaction is void and ineffective because it lacks consideration. It argues that an accord and satisfaction requires a showing of consideration, and that there is no consideration in doing or agreeing to do something which one is unconditionally bound to do, citing *Ensminger v. Burton*, 805 S.W.2d 207, 217 (Mo.App.1991). It argues that, by reason of the binder, Guaranty was obliged to furnish primary coverage for the full term of the policy, and that there is no consideration for an agreement which contemplates its providing anything less. We are not persuaded.

■ If parties have a bona fide disagreement then there is consideration for an agreed settlement or adjustment of the dispute. *Holt v. Jamieson*, 847 S.W.2d 194, 197 (Mo.App.1993). The law encourages compromise, and the parties may compromise both legal and factual issues. The purpose of encouraging settlements would be frustrated if a party, following an apparent settlement, could avoid the agreement by instituting and prevailing in further litigation by arguing that the settlement was ineffective because

his legal position was sound. *See Holt,* 847 S.W.2d at 196. The binder in the present case incorporated an unissued policy. Nothing in the binder describes the coverage as either primary or excess. If there was a mutual mistake as to the intended coverage then the very contract might be infirm. We are unable to say that Guaranty had an obligation to furnish primary coverage which was so clear and free from doubt that it could not be the subject of an accord and satisfaction. Point denied.

■■■ Budget argues in its second point that the purported accord and satisfaction violates § 303.190.6(1), RSMo 1994, which prohibits cancellation of insurance after the occurrence of a loss. No insurance, however, was canceled. Budget simply undertook, for a consideration, to cover losses during the period from December 1, 1987 through February 22, 1988, to the extent that the lessee's insurance did not respond. After that date, the coverage under the Guaranty policy was primary, despite the policy language. There might have been a problem if a judgment against the lessee was not paid and Budget appeared to be unable or unwilling to discharge it, but we have no such situation here. The essential purpose of the prohibition of cancellation after an accident is to protect claimants. Budget cannot avoid the clear intendment of its acceptance by claiming that it had agreed to an unlawful cancellation of its insurance. Point denied.

■■ Budget argues in its third point that the Motor Vehicle Financial Responsibility Law, § 303.190.2(2), RSMo 1994, requires the owner of a vehicle to provide primary coverage as distinguished from excess coverage, and that the purported accord and satisfaction would either violate that section or would be without consideration. We do not read the statute as requiring primary coverage. To the extent not specifically required by the Motor Vehicle Financial Responsibility Law, or other governing statutes, parties are free to contract as to the terms of liability insurance. *Halpin v. Am. Family Mutual Ins. Co.,* 823 S.W.2d 479, 482 (Mo. banc 1992); *First Nat'l Ins. Co. of Am. v. Clark,* 899 S.W.2d 520, 522–23 (Mo. banc 1995). The purpose of the law is to protect accident victims, who have no concern as to whether coverage is primary or excess so long as there is coverage somewhere. An owner could comply with the statute by means of a policy requiring first resort to other insurance.

A similar contention was recently rejected by the Western District in a very recent case, *Irvin v. Rhodes,* 929 S.W.2d 829 (Mo. App.1996). There, a car leasing company, apparently not the same entity as the present plaintiff, elected to become a self insurer. Its rental contract contained an "other insurance" clause, specifying that it provided no liability coverage to the extent that other valid and collectible insurance was available to the lessee. The court cited *Halpin* in concluding that there was no violation of the financial responsibility law, in that the lessee would have, in all events, coverage in the minimum amounts specified by that statute. *Id.* at 833. Point denied.

■■■ It is finally argued that the court erred in entering judgment for ADCO. There was ample evidence that ADCO acted only as Guaranty's agent and that Budget and Terrill knew this. An agent is not liable on a contract which shows on its face that it is the obligation of a disclosed principal. *Benson Optical Co., Inc. v. Floerchinger,* 810 S.W.2d 531, 534 (Mo.App.1991). The agent also has the benefit of the principal's accord and satisfaction. *Tri–City Constr. Co. v. A.C. Kirkwood and Assoc.,* 738 S.W.2d 925, 930 (Mo. App.1987). ADCO was not Budget's agent and so owed no duty to Budget which would support either a claim for breach of contract or for negligence.

The judgment is affirmed.

AHRENS, C.J., and CRANDALL, J., concur.