Betty KELLAR Appellant—Respondent,

v.

**AMERICAN FAMILY MUTUAL INSURANCE CO. Respondent— Appellant.**

Nos. WD 55762, WD 55848.

Missouri Court of Appeals, Western District.

Feb. 16, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1999.

Application to Transfer Denied April 27, 1999.

Keith W. Brunstrom, Jefferson City, for appellant.

Erwin Lance Milne, Jefferson City, for respondent.

Before Chief Judge PATRICIA BRECKENRIDGE, Presiding Judge PAUL M. SPINDEN and Judge LAURA DENVIR STITH.

LAURA DENVIR STITH, Judge.

The appellant, American Family Mutual Insurance Company (American Family), appeals the decision of the trial court granting in part Respondent Betty Kellar's motion for summary judgment by finding that the household exclusion clause in Kenneth Kellar's insurance policy was invalid up to the $25,000 minimum coverage required by the Motor Vehicle Financial Responsibility Law (MVFRL) in Section 303.190.[1] Mrs. Kellar cross-appeals the trial court's decision only to partially invalidate the household exclusion clause, asserting that the household exclusion clause is contrary to the reasonable expectations of the insured, and thus, should be construed against the insurer and held invalid in its entirety. We find that the clause is valid generally under Missouri law, and that the reasonable expectations doctrine is not applicable because the policy is not ambiguous. We also find that the trial court correctly held the clause invalid up to the $25,000 amount required by the MVFRL. Accordingly, the decision of the trial court is affirmed.

## I. FACTUAL AND PROCEDURAL HISTORY

The parties stipulated to the underlying facts. On December 4, 1996, Mrs. Kellar was riding as a passenger in a motor vehicle owned by her sister, Virginia LaBoube. Mrs. Kellar's husband, Kenneth Kellar, was driving the car with Ms. LaBoube's permission. While Mr. Kellar was operating the vehicle, it collided with a pickup truck. As a result of the accident, Mrs. Kellar sustained physical injuries which required medical treatment.

Ms. LaBoube had a policy issued by State Farm Mutual Automobile Insurance covering the operation of the vehicle she owned. Under Ms. LaBoube's owner's policy, State Farm paid Mrs. Kellar $25,000, as required by the MVFRL to compensate her for the injuries resulting from the accident.

Mrs. Kellar's husband, Mr. Kellar, also had a liability insurance policy. His policy was with American Family. Mrs. Kellar sought additional compensation under Mr. Kellar's American Family policy to recover for the injuries she suffered as a result of Mr. Kellar's negligence in driving the vehicle. Mr. Kellar's automobile policy included coverage for bodily injury liability in the amount of $250,000 for each person and a limit of $500,000 for each occurrence.

American Family denied coverage for Mrs. Kellar's injuries resulting from the accident,

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

citing an exclusion provision of its contract. The latter states:

This coverage does not apply to:

10. Bodily Injury to:

a. Any person injured while operating your insured car;

b. You or any person related to you and residing in your household; or

c. Any person related to the operator and residing in the household of the operator.

This exclusion, known generally as the "household exclusion," is included in many liability policies. Its purpose is to prohibit recovery by relatives of the insured who reside in the insured's household when the insured is the negligent party. In years past, such liability would have been precluded by the spousal or intra-family immunity doctrine. With the abrogation of that doctrine, many insurers have included such household exclusion clauses in their insurance contracts. *See Hussman v. Gov't Employees Ins. Co.*, 768 S.W.2d 585, 587 (Mo. App.1989); *Halpin v. American Family Mut. Ins. Co.*, 823 S.W.2d 479, 480 (Mo. banc 1992).

Mrs. Kellar filed a Petition for Declaratory Judgment in which she asserted that Exclusion 10 is overbroad on its face and violates Missouri public policy. In support, she alleged the exclusion is inconsistent with Missouri's judicial abrogation of the doctrines of parental and interspousal immunity and the Motor Vehicle Financial Responsibility Law (MVFRL); that it constitutes an adhesive provision, and/or latent ambiguity, in the insurance contract which is unfair and unreasonable and should be held invalid in its entirety; and that it violates public policy of the MVFRL at least to the extent that it denies coverage up to the limits required by that law. She further alleged she was unaware of the exclusion and that her husband would not have purchased the policy had he known of it.

The parties filed cross-motions for summary judgment. Following a hearing, the trial court denied American Family's motion for summary judgment. It granted Mrs. Kellar's motion for summary judgment in part, finding the household exclusion invalid up to the $25,000 minimum required by the MVFRL, thus requiring American Family to satisfy any judgments entered in favor of Mrs. Kellar up to $25,000. Both parties now appeal.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, discovery, and affidavits reveal no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c); *ITT Commercial Fin. Corp. v. Mid–Am. Marine*, 854 S.W.2d 371, 380 (Mo. banc 1993). "The propriety of summary judgment is purely an issue of law which we review *de novo* on the record submitted and the law." *Bonds v. Missouri Dep't of Mental Health*, 887 S.W.2d 418, 421 (Mo.App.1994).

We review the grant of summary judgment by looking to the entire record to determine whether there is any issue of material fact and whether the moving party was entitled to judgment as a matter of law. *Dial v. Lathrop R–II Sch. Dist.*, 871 S.W.2d 444, 446 (Mo. banc 1994). We review the record in the light most favorable to the party against whom summary judgment was entered, and will affirm if the judgment is sustainable as a matter of law under any legal theory. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376.

## III. REASONABLE EXPECTATIONS DOCTRINE

Mrs. Kellar argues that her husband, Mr. Kellar, had a reasonable expectation when he purchased his $250,000 policy, which was entitled "Family Car Policy," that he would have $250,000 of coverage for his family if any of them suffered personal injuries resulting from his negligence while operating a car. She argues that Mr. Kellar would not have purchased this policy if he had known it would not cover this type of injury. She argues that the insurance policy is an adhesion contract, and, therefore, their reasonable expectations when procuring the policy should be given effect, invalidating the household exclusion completely.

The "reasonable expectations doctrine" provides that the expectations of adherents and beneficiaries to insurance contracts will be honored if their expectations of coverage are reasonable in light of the wording of the policy, even if a more thorough study of the policy provisions would have negated these expectations. *Robin v. Blue Cross Hosp. Serv., Inc.*, 637 S.W.2d 695, 697 (Mo. banc 1982). As noted by the Supreme Court in *Rodriguez v. Gen. Accident Ins. Co.*, 808 S.W.2d 379, 382 (Mo. banc 1991), Missouri applies this doctrine only to adhesion contracts, but insurance contracts are considered contracts of adhesion when they contain boiler-plate language prepared by the insurer and sold to the insured on a take-it-or-leave-it basis, without negotiation, and if the policy unconscionably limits the obligations and liability of the drafting party. *Id.; Robin*, 637 S.W.2d at 697.

In addition to requiring the insured to show that the insurance contract is one of adhesion, "the application of the reasonable expectations doctrine depends on the presence of an ambiguity in the policy language." *Rodriguez*, 808 S.W.2d at 382. Therefore, assuming for present purposes that Mr. Kellar's policy is an adhesion contract, the application of the reasonable expectations doctrine depends on the presence of an ambiguity in the policy language.

An ambiguity exists where there is uncertainty or indistinctness in the meaning of words used. *Rodriguez*, 808 S.W.2d at 382. "The language of an insurance policy is ambiguous when it is reasonably and fairly open to different constructions." *Kastendieck v. Millers Mut. Ins. of Alton*, 946 S.W.2d 35, 39 (Mo.App.1997), *citing, Krombach v. Mayflower Ins. Co.*, 785 S.W.2d 728, 731 (Mo.App.1990). When testing whether the language used in the policy is ambiguous, the language is considered in the light in which it would normally be understood by the lay person who bought and paid for the policy. *Id.; Rodriguez*, 808 S.W.2d at 382. If a conflict arises between a technical definition of a term and the meaning of the term which would reasonably be understood by the average lay person, the lay person's definition will be applied, unless it is obvious the

technical meaning was intended. *Kastendieck, Id. at 39.* Similarly, language which promises something in one point and takes it away in anther is ambiguous. *Id.*

Mr. Kellar's "Family Car Policy" states the following in Part I under Liability Coverage:

> We will pay compensatory damages an **insured person** is legally liable for because of **bodily injury** and **property damage** due to the **use** of a **car** or **utility trailer**.
>
> . . . .
>
> **Insured person** or **insured persons** means:
> 1. **You** or a **relative**
> 2. Any person using **your insured car**.
> 3. Any other person or organization. This applies only to legal liability for acts or omissions of:
>     A. Any person covered under this Part while using **your insured car**.
>
> **You** or any **relative** covered under this Part while using any **car** or **utility trailer** other than your insured car. This other car or utility trailer must not be owned or hired by that person or organization.
>
> . . . .

**EXCLUSIONS**

This coverage does not apply to:

> . . . .
>
> 10. **Bodily Injury** to:
>     a. Any person injured while operating **your insured car**;
>     b. **You** or any person related to **you** and residing in **your** household; or
>     c. Any person related to the operator and residing in the household of the operator.

Mrs. Kellar argues the above portion of the policy includes two conflicting and ambiguous statements regarding the meaning of "insured person," and that this conflict renders the term meaningless. Specifically, she asserts that, first, the policy states in the definitions clause that relatives are insured persons, but then later states in Exclusion 10 that coverage for a "person related to you" is excluded. She argues that these two provi-

sions negate each other. Mrs. Kellar also argues that, in the Exclusion clause, the term "related to" was not printed in the same prominence as it was in the coverage section, so that the policy did not fairly apprise Mr. Kellar of all its conditions and limitations. She argues that, because of these ambiguities, the court should find the contract ambiguous, apply the reasonable expectations doctrine, and find that the Kellar's interpretation of the contract as providing coverage is reasonable.

■ We disagree. While the reasonable expectations doctrine does not require the layman to have a technical understanding of the contract, it does not permit the layman to consider only the coverage provisions of the policy in forming his or her expectations of coverage. Words or phrases in an insurance contract must be interpreted by the court in the context of the policy as a whole, and are not to be considered in isolation. *Kastendieck*, 946 S.W.2d at 39 (a policy phrase will be interpreted by reading the policy as a whole with reference to associated words). Applying this approach here, the policy is not ambiguous.

Considered alone, the coverage section does not explicitly state that it does not include injury to relatives of the insured caused by the insured's operation of the vehicle. The exclusion clause, however, does explicitly exclude relatives of the insured residing in the insured's household who are injured by the insured's operation of the vehicle. There is no other way to construe it. When this exclusion is read in conjunction with the coverage provision, the coverage provision is not rendered meaningless. There is liability coverage for injuries to others caused by the insured, or by the insured's relatives. The policy is thus a liability policy. There is no personal injury coverage to the insured or to his or her household relatives resulting from negligent operation by the insured, however.

Because there is no ambiguity present in the terms of the policy, there is no basis for application of the reasonable expectations doctrine to it. Therefore, the trial court did not err in refusing to invalidate the household exclusion clause on this basis.

## IV. MVFRL MINIMUM REQUIREMENTS

■ The MVFRL requires the owner of a motor vehicle to maintain "financial responsibility" with either a bond, a certificate of deposit of money or securities, a certificate of self-insurance or a certificate of a motor vehicle liability policy. The minimum requirements for motor vehicle liability policy contents are established by Section 303.190.2, which states in part:

Such Owner's policy of liability insurance:

. . . .

Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle . . . as follows: *twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident . . .*

§ 303.190.2 (emphasis added).

Here, Mrs. Kellar was injured while riding as a passenger in a car owned by Ms. LaBoube and operated, with permission from Ms. LaBoube, by Mr. Kellar. Mr. Kellar had liability insurance through American Family. The American Family policy also had an excess coverage clause, which required Mrs. Kellar to first seek payment for her injuries from any other applicable policies before making a claim on the American Family policy. Mrs. Kellar complied with the excess coverage clause and first sought compensation from Ms. LaBoube's owner's policy. Mrs. Kellar was paid $25,000 under Ms. LaBoube's State Farm policy, in compliance with the MVFRL minimum requirements. Because Mrs. Kellar's injuries exceeded the $25,000 payment from the owner's policy, however, she sought compensation for the remainder of her personal injures from Mr. Kellar's liability policy with American Family.

As discussed above, Mr. Kellar's policy contains a household exclusion clause which precludes coverage for personal injuries to Mrs. Kellar. In *Halpin v. Am. Family Mut. Ins. Co.,* 823 S.W.2d 479, 482 (Mo. banc 1992), however, our Supreme Court invalidated a similar household exclusion up to the $25,000 minimum requirements of the MVFRL. The Court stated that the purpose of the MVFRL is to make sure people who are injured on the highways may collect damage awards, within limits, against negligent motor vehicle operators. Thus, the Court reasoned the MVFRL is "for all practical purposes, a compulsory insurance law." *Id.* at 481. Its purpose is not fulfilled if a household exclusion clause precluding personal liability coverage to the insured is fully enforced so as to preclude an insured from recovering the minimum limits required by Section 303.190.2.

The trial court below followed the rationale of *Halpin* and partially invalidated Mr. Kellar's household exclusion up to the MVFRL $25,000 minimum. American Family challenges the trial court's partial invalidation of the household exclusion clause on the grounds that State Farm's payment of $25,000 to Mrs. Kellar satisfied the statutory requirements of the MVFRL, canceling any need to invalidate the household exclusion clause in Mr. Kellar's policy.

American Family cites *Irvin v. Rhodes,* 929 S.W.2d 829 (Mo.App.1996), and *Budget Rent A Car v. Guaranty Nat'l Ins.,* 939 S.W.2d 412 (Mo.App.1996), to support its theory that the MVFRL only requires that a plaintiff be able to recover the minimum $25,000 once. However, neither of these cases is directly on point, as both deal with the applicability of the MVFRL limits when an "escape clause" shifts primary liability to another insurer. Those cases held that such a clause would be enforced if the other insurer was liable for the MVFRL minimum. Here, the issue is whether a household exclusion violates the policy of the MVFRL when the minimum liability payment has already been satisfied by a primary insurer, but where the operator has not paid any minimum amount under any policy, and his policy clearly states it will provide excess coverage.

As noted above, the MVFRL is a compulsory insurance law. American Family's policy was thus required to provide $25,000 in coverage to Mrs. Kellar. While the American Family policy could have contained an escape clause allowing it to avoid this liability, if there was another primary insurer, it did not have such a clause. Rather, it contains an excess insurance clause, which states that if there is other insurance coverage, then American Family will pay it's proportional share of *all* liability limits, and that "any insurance provided under this part for a vehicle you do not own is excess over any other collectible auto liability insurance." An excess clause is not equivalent to an escape clause. Applying these provisions here, we find that the injured party here already collected all collectible insurance from Ms. La-Boube's carrier, State Farm, but that she has suffered additional damages. These damages are therefore recoverable under American Family's excess insurance clause, to the $25,000 limit required by the MVFRL. The judgment is affirmed.

Chief Judge PATRICIA BRECKENRIDGE, Presiding, and Judge PAUL M. SPINDEN, concur.